## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

O.C.R. PRODUCTS, INC.                                 CASE NO.:
15 North Park Street
Bedford, Ohio 44146

AND

OHIO CONCRETE RESURFACING, INC.
15 North Park Street
Bedford, Oho 44146

                        Plaintiffs,                 JUDGE:

vs

GARAGE INTERIORS
C/O ITS STATUTORY AGENT
Chad Gleske
3345 Sliding Rock Trail
Brunswick Ohio 44256                                 MAGISTRATE JUDGE:

                       Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiffs, O.C.R. Products, Inc. ("OCR") and Ohio Concrete Resurfacing, Inc. ("Ohio"), by and through its counsel and for its complaint against the Defendant state as follows:

## NATURE OF THE ACTION

1.      This is a civil action against Defendant for its ongoing and continued acts of trademark infringement, trademark dilution, unfair competition and deceptive trade practices.

## PARTIES, JURISDICTION AND VENUE

2.      At all relevant times, Plaintiff, OCR, is and was a corporation organized and

existing under the laws of the State of Ohio, with its principal place of business located at 15 North Park Street, Bedford, Ohio 44146.

3.     At all relevant times, Plaintiff, Ohio, is and was a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 15 North Park Street, Bedford, Ohio 44146.

4.     Defendant, Garage Interiors ("Garage Interiors"), is a corporation existing under the laws of the State of Ohio, located and doing business at 13500 Pearl Road, Suite 139-338 Strongsville, OH 44136.

5.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 2201 because it arises, in part, pursuant to 15 U.S.C. §§ 1114, 1116-1118 and 1125.  This Court also has jurisdiction over Plaintiff's common law and state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1391(c).  The Defendant is a corporation subject to personal jurisdiction in this District, a substantial part of the acts and omissions giving rise to the claims set forth below occurred in Ohio and this District and the intellectual property that is the subject of this action is located and maintained in this District.

## FACTS COMMON TO ALL COUNTS

7.     For over 30 years, OCR is a leading marketer and manufacturer of epoxy used in stone and epoxy flooring.  OCR maintains dealers of its product throughout the United States and into Canada.  OCR is the owner of both state and federal trademark registrations for the trademarks NATURE STONE® and NATURE STONE FLOORING® including incontestable federal trademark registrations for the NATURE STONE® and NATURE STONE FLOORING® marks.

The extensive use of these marks by OCR and its dealers has made these trademarks extremely well known in the stone and epoxy flooring industry.

8.      OCR applies the highest standard of quality to its epoxy manufacturing methods and its marketing efforts.  OCR maintains the highest standards of business ethics with its customers, suppliers, dealers and within the communities in which it operates.

9.      As a direct result of OCR's commitment to its core beliefs and its customers, the general public and its competitors have come to associate the NATURE STONE® and NATURE STONE FLOORING® trademarks with the highest quality of flooring made out of stone and epoxy.

10.     The rights of OCR in the NATURE STONE® and NATURE STONE FLOORING® trademark are embodied, in part, in United States Trademark Registration Numbers 1996449, 2924651, 4189370, and 5078990.  True and correct copies of these Registrations, along with the current title and status details for each, are attached hereto as Exhibit "A" and are incorporated by reference herein.

11.     OCR sells NATURE STONE® and NATURE STONE FLOORING® goods and services through the use of a dealer network.   The largest dealer is the corporately owned dealer Ohio.  Ohio actively markets and solicits business using the NATURE STONE® trademarks and both OCR and Ohio are in direct competition with Garage Interiors within the state of Ohio.

12.     Over the past 30 plus years, OCR and Ohio has spent tens of millions of dollars marketing the NATURE STONE® and NATURE STONE FLOORING® trademarks.   True and correct copies of representative samples of those advertisements are attached hereto as Exhibit "B" and are incorporated herein by reference.

13.     As a direct result of the time and effort promoting the NATURE STONE® and

NATURE STONE FLOORING® marks, OCR's and Ohio's customers, its competitors and the general public have come to associate the highest quality of stone and epoxy flooring in the industry.  The NATURE STONE® and NATURE STONE FLOORING® trademarks are synonymous with the stone and epoxy flooring industry and have become famous in this industry and are a very valuable asset of OCR.

14.     Garage Interiors holds itself out as flooring company that installs epoxy polymer flake flooring systems in garages, basements and commercial settings all in direct completion with OCR and Ohio.

15.     Garage Interiors improperly uses, and has used, the terms "Nature Stone, "Nature Stone Company," "natural stone" and " 'natural stone' floor," "Natural Stone Flooring" in association with its epoxy flooring business including, but not limited to, in its comparisons advertisements on their website.

16.     One of Garage Interiors' latest comparison advertisements is at https://ohiogarageinteriors.com/hidden-costs-natural-stone-epoxy-flooring/, which is an advertisement called "The Hidden Cost of Nature Stone Flooring You Need to Know" and which is purported to be a comparison advertisement between NATURE STONE® brand flooring and its flooring product "Comparison Advertisement."  A copy of the Comparison Advertisement is attached hereto as Exhibit "C".

17.     In its Comparison Advertisement, Garage Interiors makes certain representations of fact that if these same representations of fact were made specifically against the NATURE STONE® marks, these representations would be false and misleading.

18.     In the Comparison Advertisement, Garage Interiors references the NATURE STONE mark in the title and then uses "nature stone flooring" as the generic term for these kinds

of floors.  Moreover, Garage Interiors uses 'natural stone' " and " 'natural stone' floor" in its Comparison Advertisement as generic terms too.

19.    The improper uses of "nature stone flooring" as the generic term for these kinds of floors, and the uses of 'natural stone' " and " 'natural stone' floor" as the generic terms in its Comparison Advertisement was purposely done in an attempt to confuse the public and consumers to believe that nature stone flooring is a type of flooring and not a brand of flooring, and that the floorings shown in the Comparison Advertisement are stone and epoxy flooring installed by OCR and/or Ohio under its well-known NATURE STONE® brand and the well-known NATURE STONE FLOORING® brand,  which are the marks owned by OCR.

20.  Garage Interiors makes specific claims about "nature stone flooring" which are false and misleading and Garage Interiors knew these claims were false and misleading.  Garage Interiors' Comparison Advertisement references the well-known NATURE STONE® in reference to a flooring installation that was not done by OCR or Ohio.   Garage Interiors' Comparison Advertisement also improperly uses  "nature stone" and "natural stone" as generic terms for a stone and epoxy floor wherein both of these improper uses are intended to confuse the public and consumers to believe that floor shown in the advertisement is a NATURE STONE® brand floor and/or every stone and epoxy floor is called a nature stone floor.

21.    As additional evidence that Garage Interiors' acts are intentional and willful attempts to confuse the public with its use of "Nature Stone," "natural stone" and/or "natural stone flooring", throughout the  Comparison Advertisement the Defendant keeps interchanges the terms "Nature Stone" and "Natural Stone."  Yet further, the title of the Comparison Advertisement is "The Hidden Costs of Nature Stone Flooring You Need to Know". Garage Interiors' use of "Nature Stone," "Nature Stone Flooring," "natural stone" and/or "natural stone flooring" is to confuse the

public into believing that the comparison is based on a Nature Stone Brand Floor installed by OCR and/or Ohio and that "natural stone flooring" is the generic term for a stone and epoxy floor and to willfully damage the NATURE STONE® mark.

22.     By using the term "Natural Stone" and/or "Nature Stone" generically in connection with stone and epoxy flooring, Garage Interiors is, at the very least, causing confusion to the public, or at the very most, deceiving the public as to both the brand and manufacture of the product.

23.     Garage Interiors has a history of using NATURE STONE® and variations of OCR's well known NATURE STONE® trademarks in its business activities and in connection with flooring products to intentionally cause confusion in the marketplace and/or to capitalize on the significant goodwill associated with the NATURE STONE trademarks.  These have included the improper use of the NATURE STONE mark on its website and in associations with its website. One such instances was Garage Interiors' improper use of the NATURE STONE mark to improperly redirect consumers to the Garage Interiors' website. While Garage Interiors makes changes, it ultimately reverts back to creating confusion in the marketplace.

24.     Garage Interiors once again is improperly using "nature stone" and "natural stone" as generic term to for a stone and epoxy floors.

25.      Garage Interiors has now expanded its improper and infringing use of OCR's and Ohio's well-known NATURE STONE® marks by using "Nature Stone Company" in its Google® advertisements as is shown in Exhibit "D".  Garage interiors is in direct competition with OCR and Ohio and is now even using "Nature Stone Company" to improper deceive the consumers of flooring products and this is being done with willful and deceptive intent.

26.     Garage Interiors is also using "Natural Stone Flooring" to solicit business on its website at https://ohiogarageinteriors.com/natural-stone-flooring/ as is shown in Exhibit "E". On

this webpage, Garage Interiors has a link to "SCHEDULE A FREE CONSULTATION" directly below the large and bold "Natural Stone Flooring" presented at the top of the webpage.

27.     The continued and repeated attempts by Garage Interiors to capitalize on the significant goodwill associate with the NATURE STONE® marks, and the continued use of the terms "nature stone" and "natural stone" as generic terms in its advertisements shows the willful nature of Garage Interiors' and its calculated attempts to deceive the public. Moreover, Garage Interiors' latest use of "Nature Stone Company," "Natural Stone Flooring," "nature stone,' and "natural stone" in its advertisements is a calculated attempt to deceive the flooring consumer into the improper belief that Ohio Garage is associated with OCR and Ohio and/or that the comparisons photos used by Ohio Garage are in reference to authentic NATURE STONE brand stone and epoxy flooring installed by OCR and/or Ohio.

28.     The only basis for Garage Interiors' use of "nature stone" and "natural stone" on its website , in its advertisements and in its comparisons is to capitalize on and make false claims against the significant goodwill that has been created by OCR's and Ohio's flooring business and its well-known NATURE STONE® marks. The Comparison Advertisement use by Garage Interiors is in reference to "stone and epoxy flooring" wherein this type of flooring is formed by mixing small processed stones with an epoxy binder and wherein it cannot be considered "natural stone." Conversely, Garage Interiors is intentionally misleading consumers into believing that the "stone and epoxy" flooring in its Comparison Advertisement and the pictures therein relate to the well-known NATURE STONE® brand flooring, which is false and designed only to create marketplace confusion and to damage the tremendous goodwill associated with the NATURE STONE® trademarks.

29.     In a willful violation of the Lanham Act, the Defendant inappropriately used the

term "Nature Stone" and "natural stone" in its Comparison Advertisement is a blatant attempt to deceive the public and trade off the substantial goodwill created by OCR and Ohio in connection with OCR's well-known NATURE STONE® marks.

30.    Further, in a willful violation of the Lanham Act, Garage Interiors made a false and misleading description of facts in commercial advertising which misrepresented the nature and characteristics and qualities of NATURE STONE® brand flooring by using "natural stone" with the direct implication that they were referring to the "NATURE STONE®" marks.

31.    Further, in a willful violation of the Ohio Deceptive Trade Practices Act ("DTPA"), Ohio Garage Interiors in its Comparison Advertisement used the term "Natural Stone,"  which is a direct attempt to play off the well-know  "NATURE STONE®" marks.  Garage Interiors makes statements that not only have a tendency to deceive but actual have caused consumer deception in regards to the characteristics qualities and nature of "NATURE STONE®" Brand Flooring.

32.    In yet a further willful violation of the Lanham Act, Garage Interiors is now even using "Nature Stone Company" and "Natural Stone Flooring" in its commercial advertising which clearly violates OCR's and Ohio's trademark rights in its NATURE STONE® marks.

## COUNT I
## FEDERAL FALSE ADVERTISING
### 15 U. S. C. §1125(a)(1)(B)

33.    The plaintiff realleges Paragraphs 1 through 32 as if fully restated herein.

34.    Garage Interiors' use of the terms "Nature Stone Company," "Natural Stone Flooring," "Nature Stone" and/or "natural stone" in its advertisements, marketing and in its Comparison Advertisement, is likely to deceive and cause confusion among consumers as to the source of origin of goods and/or services and the sponsorship or endorsement of those goods and/or

services by OCR and Ohio.   As a result, Garage Interiors deliberately uses of "Nature Stone Company," "Natural Stone Flooring," "Nature Stone" and/or "natural stone" makes the public improperly believe that they are referring to the NATURE STONE® marks.

35.     In its Comparison Advertisement, Garage Interiors makes misrepresentations in the nature, characteristics, qualities, or geographic origin of NATURE STONE® Brand Flooring products and of OCR's and Ohio's goods, services, and/or commercial activities.  This includes, but is not limited to, that both OCR and Ohio are engaged in "bait and switch" activities.  That both OCR and/or Ohio have policies that state: "If you opt out of professional yearly cleaning— done by them [OCR and Ohio] at an additional cost, of course, —your floor's warranty is voided!" False accusations that a NATURE STONE® brand floor "Cause mold and mildew."  False accusations that a NATURE STONE® brand garage floor cannot properly withstand the demands of weather.   In this regard, Garage Interiors falsely states that due to the extreme weather conditions, specifically, freeze and thaw cycles, a "NATURE STONE" brand garage floor will crack causing costly repairs. Finally, false accusations by implication that both OCR and Ohio are not local companies.

36.     In its Comparison Advertisement, Garage Interiors' misrepresentations include the use of a photograph of a crumbling stone and epoxy floor where Garage Interiors falsely implies that the pictured flooring is NATURE STONE® brand flooring installed by OCR or Ohio.

37.     The acts of Garage Interiors alleged above were committed willfully, with full knowledge of OCR's and/or Ohio's rights and with the intention to deceive and mislead the public.

38.     The acts of Garage Interiors alleged above were committed willfully, with full knowledge of OCR's and/or Ohio's rights and with the intention of causing harm to OCR and/or Ohio.

9

39.     The acts of Garage Interiors alleged above were committed willfully, with full knowledge of OCR's and/or Ohio's rights by falsely misleading the public in its Comparison Advertisement with the intention of doing harm to the valuable goodwill and reputation of both OCR and Ohio and the NATURE STONE® and NATURE STONE FLOORING® Marks.

40.     Garage Interiors will continue its ongoing acts of false advertising, causing irreparable injury to OCR and/or Ohio, unless such activities are enjoined by this Court.

41.     As a direct and proximate result of Garage Interiors' ongoing unlawful activities, OCR and/or Ohio has and continues to suffer damages in an amount that is not presently ascertainable.  If Garage Interiors are permitted to continue to violate OCR's rights, OCR's damages will likely exceed $1,000,000.00.  If Garage Interiors are permitted to continue to violate Ohio's rights, Ohio's damages will also likely exceed $1,000,000.00.

## COUNT II
## VIOLATION OF THE OHIO DTPA

42.     The plaintiff realleges Paragraphs 1 through 41 as if fully restated herein.

43.      Garage Interiors' use of "Nature Stone" and/or  "natural stone" in its Comparison Advertisement, is likely to deceive and cause confusion and mistake among customers as to the source or origin of the goods and services being compared by Garage Interiors and the sponsorship or endorsement of those goods and/or services by OCR and/or Ohio.  Thus. Garage Interiors is attempting to cause confusion or misunderstanding as to the source, sponsorship, and/or approval of OCR and/or Ohio in association with the NATURE STONE® marks.

44.     The Comparison Advertisement is causing confusion and/or misunderstanding as to affiliation, connection, or association with the NATURE STONE® marks.

45.     Garage Interiors, in the Comparison Advertisement, makes false and deceptive

10

representations in the nature, characteristics, qualities, or geographic origin of NATURE STONE® brand flooring products and of OCR's and Ohio's goods, services, and/or commercial activities.  These false misrepresentations of fact disparage the NATURE STONE® marks as well as both OCR and Ohio.

46.    The acts of Garage Interiors alleged above were committed willfully, with full knowledge of OCR's and/or Ohio's rights and with the intention to deceive and mislead the public.

47.    The acts of Garage Interiors alleged above were committed willfully, with full knowledge of OCR's and/or Ohio's rights and with the intention of causing harm to OCR and/or Ohio.

48.    The acts of Garage Interiors alleged above were committed willfully, with full knowledge of OCR's and/or Ohio's rights by falsely misleading the public in its Comparison Advertisement with the intention of doing harm to the valuable goodwill and reputation of both OCR and Ohio and the NATURE STONE® and NATURE STONE FLOORING® Marks.

49.    Garage Interiors will continue its ongoing violation of the DTPA causing irreparable injury to OCR and/or Ohio, unless such activities are enjoined by this Court.

50.     As a direct and proximate result of Garage Interiors' ongoing unlawful activities, OCR and/or Ohio has and continues to suffer damages in an amount that is not presently ascertainable.  If Garage Interiors are permitted to continue to violate OCR's rights, OCR's damages will likely exceed $1,000,000.00.  If Garage Interiors are permitted to continue to violate Ohio's rights, Ohio's damages will also likely exceed $1,000,000.00.

<u>**COUNT III**</u>
**FEDERAL UNFAIR COMPETITION -- ASSOCIATION**
**15 U.S.C. §1125(a)(1)(A)**

51.     The Plaintiffs realleges Paragraphs 1 through 50 as if fully restated herein.

52.     Garage Interiors' use of "Nature Stone Company," "Natural Stone Flooring," "Nature Stone" and/or "natural stone", in its marketing, advertising and/or Comparison Advertisement, in connection with flooring products and services is likely to deceive and cause confusion among consumers as to the source of origin of the flooring products and/or services and the sponsorship or endorsement of those goods and/or services by OCR and/or Ohio. OCR and/or Ohio has never authorized, licensed or otherwise condoned or consented to Garage Interiors' use of "Nature Stone Company," "Natural Stone Flooring," "Nature Stone" or "natural stone" in connection with flooring products and services. Garage Interiors has misappropriated and continue to misappropriate OCR's substantial property rights in the marks NATURE STONE® and NATURE STONE FLOORING®, as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will permit Garage Interiors to gain an unfair competitive advantage over OCR and allow Garage Interiors to improperly interfere with OCR's and Ohio's continued promotion and expansion of its flooring business.

53.     The acts of Garage Interiors alleged above were committed willfully, with full knowledge of OCR's rights and with the intention to deceive and mislead the public.

54.     The acts of Garage Interiors alleged above were committed willfully, with full knowledge of OCR's rights and with the intention of causing harm to OCR and/or Ohio.

55.     The acts of Garage Interiors alleged above were committed willfully, with full knowledge of OCR's and Ohio's rights and with the intention of misappropriating and wrongfully trading upon the valuable goodwill and reputation of OCR and Ohio, and the NATURE STONE®

and NATURE STONE FLOORING® Marks.

56.     Garage Interiors will continue its ongoing acts of unfair competition, causing irreparable injury to OCR and Ohio, unless such activities are enjoined by this Court.

57.     As a direct and proximate result of Garage Interiors' ongoing unlawful activities, OCR and Ohio have and continue to suffer damages in an amount that is not presently ascertainable.  If Garage Interiors are permitted to continue to violate OCR's and Ohio's rights, OCR's and Ohio's damages will likely exceed $1,000,000.00.

## COUNT IV
## FEDERAL TRADEMARK DILUTION
## 15 U.S.C. §1125(c)

58.     The plaintiffs reallege Paragraphs 1 through 57 as if fully restated herein.

59.     The marks NATURE STONE® and NATURE STONE FLOORING® have become famous in accordance with the standard set forth in 15 U.S.C. § 1125(c)(1).

60.     Garage Interiors began using the term "Natural Stone" after NATURE STONE® and NATURE STONE FLOORING® Marks became famous.

61.     OCR and Ohio have never authorized, licensed or otherwise condoned or consented to Garage Interiors' use or registration of the terms "Nature Stone Company," "Natural Stone Flooring," "Nature Stone" and/or "natural stone."

62.     Garage Interiors is diluting the distinctiveness of the NATURE STONE® and NATURE STONE FLOORING® marks.

63.     Garage Interiors' actions are disparaging the distinctiveness of the NATURE STONE® and NATURE STONE FLOORING® Marks.

64.     Garage Interiors' actions are blurring the distinctiveness of the NATURE STONE® and NATURE STONE FLOORING® Marks.

65.     Garage Interiors will continue its ongoing acts of dilution, causing irreparable injury to OCR and Ohio, unless such activities are enjoined by this Court.

66.     As a direct and proximate result of Garage Interiors' ongoing unlawful activities, OCR has and continues to suffer damages in an amount that is not presently ascertainable.  If Garage Interiors are permitted to continue to violate OCR's rights, OCR's damages will likely exceed $1,000,000.00.

**COUNT V**
**TRADEMARK INFRINGEMENT**
**15 U.S.C. §§ 1114 AND 1125(a)**

67.     The Plaintiffs reallege Paragraphs 1 through 66 as if fully restated herein.

68.      OCR's use of the NATURE STONE® and NATURE STONE FLOORING® Marks predates any alleged use by Garage Interiors in the United States and OCR's federal registrations for NATURE STONE® and NATURE STONE FLOORING® are active and incontestable.

69.     Garage Interiors' use of "Nature Stone Company," "Natural Stone Flooring," "Nature Stone" and/or "natural stone", on its website, in its advertisement and marketing materials, in its meta data, and in its Comparison Advertisement, is likely to deceive and cause confusion and mistake among customers as to the source or origin of the goods and services being compared by Garage Interiors and the sponsorship or endorsement of those goods and/or services by OCR and/or Ohio.    Flooring produced by small processed stones mixed with an epoxy binder cannot be considered "natural stone" and Garage Interiors has not been authorized to use the Nature Stone® mark.

70.     OCR and Ohio have never authorized licensed or otherwise condoned or consented

to Garage Interiors use of the NATURE STONE® marks or anything confusingly similar to these marks including, but not limited to, its many uses the of "natural stone" or to be a dealer of OCR's NATURE STONE® brand flooring.

71.     Garage Interiors has misappropriated, continues to misappropriate and has now expanded its misappropriation of OCR's substantial property rights in the, NATURE STONE® and NATURE STONE FLOORING® Marks as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will continue and will permit Garage Interiors to improperly interfere with OCR's and Ohio's continued promotion and expansion of the NATURE STONE® and NATURE STONE FLOORING® Marks.

72.     As a result of Garage Interiors ongoing unlawful activities, OCR and Ohio continue to suffer irreparable harm.

73.     As a direct and proximate result of Garage Interiors' ongoing unlawful activities, OCR and Ohio have and continue to suffer damages in an amount that is not presently ascertainable.  If Garage Interiors are permitted to continue to violate OCR's and Ohio's rights, OCR's and Ohio's damages will likely exceed $1,000,000.00.

**WHEREFORE**, the Plaintiff prays to the Court as follows:

A.)     Permanently enjoining Garage Interiors, or anyone else acting in concert with it, or on its behalf from: Using any reproduction, copy or colorable imitation of the NATURE STONE® and/or NATURE STONE FLOORING® marks for flooring products and flooring related services including those that compete with OCR's and Ohio's stone and epoxy floors or any mark confusingly similar thereto including, but not limited to, the use of "Nature Stone Company," "Natural Stone Flooring," "natural stone" for stone and epoxy flooring, including specifically manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products and/or service bearing any reproduction, copy or colorable imitation of the terms NATURE STONE® and/or NATURE STONE FLOORING® marks for flooring products and flooring related services including those that compete with OCR's and Ohio's stone and epoxy floors without the express authorization, license or consent of OCR.

B.)     Requiring Garage Interiors to deliver up for destruction to OCR all unauthorized products, advertisements or other documents in its possession or under its control bearing the terms "Nature Stone Company," "Natural Stone Flooring," "Natural Stone" and/or "NATURE STONE" or any simulation, reproduction, copy or colorable imitation thereof, pursuant to 15 U.S.C. §1118;

C.)     Permanently enjoining Garage Interiors, or anyone else acting in concert with it, or on its behalf from committing false advertising under 15 U. S. C. §1125(a)(1)(B) as outlined in the complaint and as will be proven at trial.

D.)     Requiring Garage Interiors to deliver up for destruction to OCR and/or Ohio all unauthorized products, advertisements or other documents in its possession or under its control that violate 15 U. S. C. §1125(a)(1)(B).

E.)     Awarding to OCR the damages it sustained as a result of Defendant's ongoing wrongful acts;

F.)     Awarding to OCR, Garage Interiors profits pursuant to 15 U.S.C. § 1117;

G.)     Awarding to OCR treble damages pursuant to 15 U.S.C. § 1117;

H.)     Awarding to OCR its costs and attorneys' fees pursuant to 15 U.S.C. § 1117;

I.)     Awarding to both OCR and Ohio damages, they sustained as a result of Defendant's ongoing violation of 15 U. S. C. §1125(a)(1)(B);

J.)     Awarding to Ohio, Garage Interiors profits pursuant to 15 U.S.C. § 1117;

K.)     Awarding to Ohio treble damages pursuant to 15 U.S.C. § 1117;

L.)     Awarding to Ohio its costs and attorneys' fees pursuant to 15 U.S.C. § 1117;

M.)   Pursuant to the DTPA, permanently enjoining Garage Interiors, or anyone else acting in concert with it, or on its behalf from violating the DTPA as outlined in the complaint and as will be proven at trial;

N.)   Pursuant to the DTPA, requiring Garage Interiors to deliver up for destruction to OCR and/or Ohio all unauthorized products, advertisements or other documents in its possession or under its control that violate the DTPA;

O.)   Pursuant to the DTPA, an award to OCR and Ohio damages;

P.)   An award of attorneys' fees pursuant to Ohio Revised Code §4165.03(B)

Q.)   Awarding to OCR and Ohio punitive damages as a result of Defendant's willful and wrongful acts; and

R.)   For such other relief as this court deems just, equitable and proper.

Respectfully submitted,

NICHOLAS A.  PAPA, ESQ
Attorney for O.C.R. Products, Inc.


 /s/ Nicholas A. Papa
Nicholas A.  Papa (0059612)
Lead Trial Counsel
In-house Legal Counsel
15 North Park Street
Bedford, Ohio 44146
TEL:  (440) 786-9100
FAX: (440) 786-1927
Email: NPapa@NatureStoneFloors.com

Gregory S. Vickers (0068518)
Rankin, Hill & Clark LLP
Trademark Attorney for
O.C.R. Products, Inc.
23755 Lorain Road, Suite 200
North Olmsted, OH 44070-2224
TEL:   (440) 614-0604
FAX:   (216) 566-9711
Email: vickers@rankinhill.com


## DEMAND FOR JURY TRIAL

The plaintiff hereby demands a jury trial on all issues herein.

 /s/ Nicholas A. Papa
Nicholas A.  Papa,
Attorney for O.C.R. Products, Inc.